IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | **CASE NO:** |
| : | **7-23-cr-15-WLS-TQL-2** |
| **ISMIL RODRIGUEZ-AYBAR,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

# ORDER

    Before the Court is an Unopposed Motion to Appoint Interpreter (Doc. 62) and the First Amended Motion to Appoint Interpreter (Doc. 69) (together the "Motion") filed on behalf of Defendant Ismil Rodriguez-Aybar. Therein, Defendant requests the Court to appoint an interpreter for the defense because while Defense Counsel was reviewing discovery produced by the Government, Defense Counsel was informed by the interpreter that the interpretations in the record were incomplete. (Doc. 69 ¶ 3) Because of the difference between the interpretation made by an agent in the interview and the interpretation that was provided to Defense Counsel during his meeting with the Defendant, Defense Counsel requested that the interview between the agent and the Defendant be fully translated and transcribed. (*Id.*)

    Additionally, Defense Counsel states that as Defendant speaks Spanish, a portion of the interview was conducted in Spanish. (*Id.* ¶ 4) If this matter proceeds to trial, Defense Counsel anticipates that it will be necessary for an expert/interpreter to have reviewed and become familiar with the interview between the Defendant and the agents. Finally, both Defense and Government Counsel anticipate the need to have one expert/interpreter to respond to questions regarding the interview that may arise during a trial. (*Id.*) Defendant also represents that the Government does not oppose his request for an appointment of an interpreter. (*Id.* ¶ 5)

    18 U.S.C. § 3006A(e)(1) requires the Court to authorize services when a defendant successfully makes a showing that (1) he is financially unable to provide the services and (2) the services are "necessary for an adequate defense." *See also United States v. Rinchack*, 820 F.2d

1557, 1563 (11th Cir. 1987). Under 18 U.S.C. § 3006A(e)(3), compensation for services "shall not exceed $2,400 . . . unless payment in excess of that limit is certified by the court . . . as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit."

The Court has previously determined that Defendant is indigent and he is represented by court-appointed counsel. Based on the foregoing statements, the Court further finds that the expert/interpreter services requested above are necessary to Defendant's adequate defense. As such, the Court finds that Defendant has successfully made a showing under 18 U.S.C. § 3006A(e)(1) that requires this Court to authorize funding for interpreter services.

Accordingly, Defendant's Unopposed Motion to Appoint Interpreter (Doc. 62), as amended by the First Amended Motion to Appoint Interpreter (Doc. 69), is **GRANTED** and the Court authorizes funding in the amount of $2,400 for such expert/interpreter's services.[1]

**SO ORDERED**, this 26th day of April 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that its review of the docket and filings reveal two spellings of Defendant's name, *i.e.*, Ismil Rodirguez-Aybar and Ismil Rodriguez-Aybar.